# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JOSE GERALDO P. DOS SANTOS,** | : | **Civil Action No.: 10-1348 (FLW)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **ORDER** |
| | : | |
| **BOROUGH OF FLEMINGTON, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

This matter having come before the Court on the informal application of Plaintiff Jose Geraldo P. Dos Santos ("Plaintiff") to compel discovery [dkt. entry no. 13]; and Defendants Borough of Flemington, George Becker, Chief of Police of the Borough of Flemington Police Department, Louis Hribik, and Michael Mariaschin (collectively, "Defendants") having submitted opposition; and Plaintiff stating that although Defendants forwarded certified Answers to Interrogatories on June 13, 2011, those responses were deficient as outlined in Plaintiff's letters dated August 4, 2011 and September 16, 2011 (Pl.'s Letter dated October 3, 2011, dkt. entry no. 13 at 1-2; *see also id.* at Exhs. B-E); and Plaintiff maintaining that to date, he has "received no further amendments to Interrogatories" (*Id.* at 2); and Plaintiff's counsel noting that although he discussed the topic of "racial data for stops conducted by the Borough of Flemington Police Department over the five-year period immediately [preceding Plaintiff's alleged] improper arrest" with defense counsel, defense counsel indicated that he would "neither provide the data nor copies of the summonses" (*Id.* at 2-3); and in opposition, Defendants maintaining that "[a] review of...correspondence [dated] August 23, 2011 clearly shows that all of Plaintiff's requests have been properly responded to" (Def.'s Opp'n Letter dated October 7, 2011, dkt. entry no. 15 at 1); and Defendants noting that despite the fact that "Plaintiff was provided with the information requested, he has refused to proceed with the

depositions of the defendant police officers" as "each deposition was adjourned at Plaintiff's counsel's request" (*Id.*); and Defendants' counsel stating that upon receiving Plaintiff's September 16, 2011 letter, and "[i]n an effort to short cut any further correspondence [related to deficient discovery responses]", he "telephoned Plaintiff's counsel to discuss what information was missing and...[was] needed to go forward with the depositions", "informed [Plaintiff's counsel] that [he] would provide whatever [Plaintiff] wanted within reason", and indicated that "[t]he Borough of Flemington [had] no reason not to provide appropriate discovery to reasonable demands" (*Id.* at 1-2); and Defendants' counsel stating that although he "informed [Plaintiff's] counsel that...[there] was no" requirement for the police department to maintain a record of the race/ethnicity of each driver issued a summons, that "the Borough of Flemington Police Department did not delineate by race, national origin or ethnicity...with respect to...drivers who were issued summonses", and that defense counsel "could not produce a record which does not exist", Plaintiff's counsel continued to insist that such records were a required and that he "would not proceed with the depositions of the [police] officers without...records concerning the nationality and ethnicity of...[police] officers being produced" or "reports regarding the race and ethnicity of the drivers to whom summonses were issued" (*Id.* at 2); and Defendants stating that they have "confirmed...that there...[is] no requirement to keep a record of the race and ethnicity of drivers who were issued summonses", that "the Borough of Flemington did not have such a policy", that the Court Clerk for the Borough of Flemington "does not keep records delineated as demanded by Plaintiff's counsel", and that "summonses for the time period requested...would not be filed by the name of each officer...[but] simply grouped by calendar year" (*Id.*; *see also id.* at Ex. B); and Defendants maintaining that in order to comply with Plaintiff's request for the production of all traffic summonses for any five (5) year period, "an inordinate

accounting" would have to be conducted by the Court Clerk because "there would be thousands of summonses issued over that time frame" and the "time, effort and cost of having a Borough employee produce such records is unreasonable" (*Id*. at 2-3); and Defendants stating that "a review of the form of one of the traffic summons issued...clearly shows that the summonses do not delineate the race, ethnicity or country of origin of the offending driver" and "the only information identifying the individual on each summons would be the name, address and driver's license number" (*Id*. at 3; *see also id*. at Ex. C); and Defendants arguing that it "has made every reasonable effort to comply with Plaintiff's discovery requests" such that the Court should "deny Plaintiff's request for further fact discovery" (*Id*. at 3-4); and the Court noting that pursuant to FED. R. CIV. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent"; and the Court noting that pursuant to FED. R. CIV. P. 26(b)(1), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter" and "the court may order discovery of any matter relevant to the subject matter involved in the action", although "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence";  and the Court noting that pursuant to FED. R. CIV. P. 34(a), "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be

obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form[,] or (B) any designated tangible things...”; and the Court noting that pursuant to FED. R. CIV. P. 34(b)(2), “[f]or each item or category, the response [to a request to produce] must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons” and “an objection to part of a request must specify the part and permit inspection of the rest”; and the Court noting that pursuant to FED. R. CIV. P. 34(b)(2)(E), “[u]nless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information”:

> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii) A party need not produce the same electronically stored information in more than one form.

and the Court noting that “[i]n the context of FED. R. CIV. P. 34(a), so long as the party has the legal right or ability to obtain the documents from another source upon demand, that party is deemed to have control” (*Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004); *see also Poole v. Textron*, 192 F.R.D. 494, 501 (D. Md. 2000); *Gerling Int’l Ins. Co. v. Comm’r*, 839 F.2d 131, 140 (3d Cir. 1988)); and the Court noting that “[t]he party resisting discovery has the burden of clarifying and explaining its objections and to provide support therefor” (*Tele-Radio Systems, Ltd. v. De Forest Electronics, Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981); *see also Gulf Oil Corp. v. Schlesinger*, 465 F. Supp. 913, 916-17 (E.D. Pa. 1979); *Robinson v. Magovern*, 83 F.R.D. 79, 85

4

(E.D. Pa. 1979)); and the Court noting that the time for completion of fact discovery in this matter, with no further extensions to be permitted except upon showing of good cause and leave of Court, was extended from June 15, 2011 to August 15, 2011 (*see* dkt. entry nos. 10 & 11); and the Court noting that despite Defendants service of Answers to Interrogatories on June 13, 2011 (*see* Pl.'s Letter dated October 3, 2011 at Ex. B), Plaintiff failed to raise any objection regarding those answers until August 4, 2011 (*Id.* at Ex. C); and the Court noting that Defendants sent letters to Plaintiff on August 23, August 26, and September 19, 2011 seeking to address the deficiencies cited by Plaintiff (*Id.* at Exhs. D & E; *see also* Def.'s Opp'n Letter dated October 7, 2011 at Ex. A); and the Court noting that Plaintiff failed to notify the Court about any discovery dispute until a telephone status conference on September 30, 2011; and the Court finding that, given the significant lapse in time between August 15, 2011 – the date fact discovery was to be completed by (*see* dkt. entry no. 11) – and September 30, 2011 – Plaintiff had failed to demonstrate good cause for an extension of time to complete fact discovery; and the Court finding that even if Plaintiff had demonstrated good cause for such an extension – a point which the Court does not concede – Defendants' discovery responses are adequate given Defendants' August 23, 2011 response to Plaintiff's deficiency letter (*see* Pl.'s Letter dated October 3, 2011 at Ex. D) and given that despite Plaintiff's requests, Defendants "do not keep records based on the racial background of the individual being stopped"(Def.'s Opp'n Letter dated October 7, 2011 at Ex. B), that "there is...[no] requirement...[to] do so" (*Id.*), and that beyond the "time, effort and cost" of producing all summonses for a five (5) year period, the summonses themselves "do not delineate the race, ethnicity or country of origin of the offending driver" (*Id.* at 3; *see also id.* at Ex. C); and the Court finding that because Plaintiff's discovery "disputes" were brought in good faith and were the basis for adjourning depositions, Plaintiff has

5

demonstrated good cause for an extension of fact discovery for the sole purpose of completing previously noticed depositions of Defendants, although no additional time beyond that set forth below will be permitted; and the Court having reviewed the parties' written submissions; and the Court having considered the matter pursuant to FED. R. CIV. P. 78; and for the reasons stated above;

IT IS on this 18th day of October, 2011,

ORDERED that Plaintiff's informal application to compel discovery [dkt. entry no. 13] is DENIED as set forth above; and it is further

ORDERED that the parties may complete any previously noticed depositions by **November 30, 2011**; and it further

ORDERED that Plaintiff shall serve copies of expert disclosures and reports, if any, by **January 9, 2011**; and it is further

ORDERED that the Court will conduct a telephone status conference, to be initiated by Plaintiff's counsel, on **December 20, 2011** at **10:00 a.m.**

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**

6